IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CEDRIC GREENE                                                                                    PLAINTIFF

v.                          Civil No. 5:26-cv-05035-TLB

ASTRANA HEALTH                                                                               DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Cedric Greene, ("Greene"), filed this action alleging an intentional tort claim against Astrana Health, a vendor that serves Greene's IPA Medical Group, Community Family Care. (ECF No. 1). Greene proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint under 28 U.S.C. § 1915(e)(2).

### I.     BACKGROUND

Greene filed his Complaint on February 10, 2026. (ECF No. 1). In his Complaint Greene alleges that Astrana Health has been altering his contact information without his knowledge or consent, leaving him unaware of when medical referrals are approved or denied. (ECF No. 1, p. 4). Greene states that his health plan notified Astrana Health of his contact information on August 19, 2024, and that he also personally notified them of his contact information on multiple occasions prior to presenting a claim to the City of Monterey Park, California. *Id*. On November 27, 2024, Greene reached out to Astrana Health to confirm whether his contact information was entered

1

properly so that he could receive referrals in the mail. *Id*. A conference call was made on that same date with a representative of Astrana Health and Greene's health plan where his address was confirmed. Greene alleges that these errors rise to the level of intentional misconduct because Astrana Health would change the information to the correct contact information and then change it to the wrong information again later. Greene states that he asked the City Clerk's Office of Monterey Park, California to investigate this matter through their claims process on November 27, 2024, but was not receiving any updates which led to him sending notification to Monterey Park to cancel that process on February 27, 2025. (ECF No. 1, pp. 4–5). Greene alleges diversity jurisdiction but also asserts that both he and the Astrana Health are currently citizens of California and does not state an amount in controversy. (ECF No. 1).

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se*

plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

### III. DISCUSSION

While Greene has not cited to any specific statutes or constitutional rights that he feels were violated, the Court must first address the apparent lack of jurisdiction.

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "[F]ederal question jurisdiction . . . grants federal district courts 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Ltd.*, 843 F.3d 325, 328 (8th Cir. 2016). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884))

3

(alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue sua sponte. *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

Astrana Health is a healthcare company whose principal executive offices are in Alhambra, California.[1] Greene's current address is in Los Angeles, California. While Greene states that he has family ties to Arkansas, and plans to move to Arkansas, he does not indicate that he currently is a citizen of Arkansas or any state other than California. Moreover, Greene has not alleged any damages, indicating he planned to list monetary damages at a future date. Therefore, Greene has not established diversity jurisdiction under 28 U.S.C. § 1332.

Federal question jurisdiction requires that the civil action arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, Plaintiff has not specifically alleged a violation of any specific Constitutional right, or federal law. Reading the complaint broadly it appears that Plaintiff believes Astrana Health has committed a tort, potentially a tort of negligence as the lack of notice of referrals may be causing delays in treatment.

The Court has considered whether the stated facts give rise to either diversity or federal question jurisdiction. Even read broadly, Greene has not stated a claim over which this Court has jurisdiction.

## IV.  CONCLUSION

For these reasons, it is recommended that Engler's case be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

**Status of Referral: Entry of this Report and Recommendation terminates the referral.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

---

[1] https://ir.astranahealth.com/sec-filings/all-sec-filings/content/0001104659-26-002866/tm262907d1_8k.htm (Accessed February 10, 2026).

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

      **RECOMMENDED** this 10th day of February 2026.

                                          /s/ *Christy Comstock*
                                          CHRISTY COMSTOCK
                                          UNITED STATES MAGISTRATE JUDGE